## No. 12,379.

### STATE EX REL. CITY OF NEW ORLEANS VS. GABRIEL FERNANDEZ, JUDGE OF THE SECOND CITY COURT.

The Constitution confers jurisdiction upon the city courts of the city of New Orleans to entertain suits in which the exact sum of one hundred dollars may be involved, without reference to any computation or allowance of interest.

The words of the Constitution, "exclusive of interest," mean that jurisdiction must be determined without any regard to interest, whether accruing or accrued.

ON APPLICATION for a Writ of *Mandamus*.

---

*S. L. Gilmore*, City Attorney, and *W. B. Sommerville*, Assistant City Attorney, for Relator.

---

Respondent *in propria persona*.

---

Submitted on briefs January 4, 1896.
Opinion handed down January 18, 1897.

---

The opinion of the court was delivered by

WATKINS, J. Relatrix' application is predicated upon the averment that in the matter of her demand against the commercial firm of L. E. Jung & Co. for the payment of a license of one hundred dollars for carrying on their business of retailing liquors for the year 1896, with two per cent. per month interest from the 1st of March, 1896 and costs, the respondent declined and refused to take jurisdiction,

on the ground that the amount in dispute was in excess, or beyond the upper limit of the jurisdiction of his court, which is fixed in the Constitution at one hundred dollars, exclusive of interest. Const., Art. 135.

And she invokes the supervisory power of this court to compel the respondent by our writ of *mandamus* to take jurisdiction of said cause, and try and decide the same.

The respondent's return affirms that his court is without jurisdiction to entertain and decide the suit of the relatrix, because it is for an amount in excess of one hundred dollars—same being for the sum of one hundred dollars—with the interest that has accrued thereon since March, 1896.

It further suggests that the two per cent. per month which the law allows to be assessed against delinquent license payers is in its essence and nature a penalty, and not interest in its ordinary acceptation.

Counsel for the relatrix cites and principally relies upon the decisions of this court in State *ex rel.* Forman vs. Recorder, 33 An. 14, and Breaux vs. Recorder, 36 An. 742; and, on the other hand, the respondent cites and relies upon that of Bruno vs. Oviatt, 48 An. 471.

Dealing first with the case last cited, we find it to have been an action to revive a judgment; and we treated the interest which had accrued on the demand in the *original* suit at the time it was filed, as having formed a part of the demand upon which the judgment was pronounced, and which the suit then before us was intended to revive. That is to say, to the extent and for the purpose of determining the jurisdiction of the suit to revive, it was the *judgment* liquidating the debt and making it executory that we dealt with, jurisdictionally speaking, and not the debt itself.

The decisions on which we rested our conclusions are the following, viz.: Mason vs. Oglesby, 2 An. 793; Cornell vs. Geddes, 10 An. 170.

Those decisions were rendered while the Constitution of 1868 was in force, the provision of which declared that the jurisdiction of the Supreme Court " shall extend to all cases when the matter in dispute shall exceed five hundred dollars" (Art. 74) ; whereas the framers of the Constitution of 1879 added the words " exclusive of interest." Art. 81.

State ex rel. City vs. Judge.

We find in the brief of the City Attorney the following quotation from the case of Forman vs. Recorder, 33 An. 13, which we have examined and verified, and reproduce it here as giving a very clear and lucid interpretation of our appellate jurisdiction, viz.:

" From the showing of the City Attorney himself, it appears that the principal of the city's claim in this case amounts to only five hundred and eighty-four dollars and eighty-eight cents, but he contends that the interest accrued at the time of suit, amounting then to four hundred and forty dollars, must be added to the capital in determining our jurisdiction. He quotes with apparent confidence several decisions of this court in support of his theory, but he evidently lost sight of the fact that the case on which he relies originated under the Constitution of 1868, which provided that the jurisdiction of the Supreme Court should ' extend to all cases when the matter in dispute exceeded five hundred dollars,' and made no mention of interest.

" Under such a provision the court very properly ruled that interest accrued at the institution of the suit, was part of the matter in dispute, and should be considered, with the principal or capital of the demand, in determining its jurisdiction.

" But under the present Constitution it is provided that the jurisdiction of the Supreme Court ' shall extend to all cases when the matter in dispute shall exceed one thousand dollars, *exclusive of interest.*' The difference between the two provisions is striking and glaring, and presents a self-evident proposition. *In one case interest forms part of the matter in dispute; in the other, interest must be specially excluded in determining the jurisdiction of the court.*

" It follows, therefore, that the matter in dispute in this case does not exceed one thousand dollars, *inclusive of interest,* and that we have no jurisdiction."

And the further extract from Breaux vs. Recorder, 36 An. 742, viz.:

" In their petition plaintiffs allege that these taxes, *together with penalties and interest*, exceed in real value eighteen hundred dollars, and that, therefore, their actual interest in the controversy is equal to that amount. Hence, their counsel contended that their 'jurisdictional allegations' clearly bring their case within the reach of our jurisdiction.

" But allegations of 'jurisdictional facts' are not the exclusive test

of a question of jurisdiction. ' The real amount in dispute, when-
ever the same can be legally ascertained from the pleadings and
documents annexed and not the allegations of parties, is to be the
test of our jurisdiction, and shall be our rule in determining all such
questions.' Wilkins vs. Gantt, 32 An. 929. Applying this rule
to the case at bar, we find that the alleged sum of eighteen hundred
dollars includes taxes amounting, in capital, to seven hundred and
seventy-eight dollars and fifty cents, and that the balance comprises
penalties and interests, as alleged by plaintiffs.  *   *   *

"The real amount in dispute is the amount of taxes in capital,
bearing interest from the dates at which the respective amounts
became due, as hereinabove stated.  *   *   *

" *Under the textual provision of the Constitution our jurisdiction* only
attaches when the matter in dispute, exclusive of interest, exceeds
one thousand dollars.

"We know of no provision in the Constitution, or in our laws,
which contemplates an exception to that rule in cases involving the
erasure of inscriptions of tax mortgages, and plaintiff's counsel,
have pointed to no authorities in support of such a proposition.
The argument that interest on taxes must be included in the matter
in dispute, because it is alike secured by the mortgage which secures
the principal tax, is not sound."  *   *   *

The reasoning of the court seems clear, and the language of the
Constitution itself is very plain; and the incorporation of the words
" exclusive and interest " in the article of the present Constitution,
in addition to that of the Constitution of 1868, seems to have been
done *ex industria.*

And the language of the Constitution appertaining to the jurisdic-
tion of the city courts is exactly similar, and must be controlled by
the same rule of interpretation.

We think that, following the rule of interpretation announced in
those cases, interest must be excluded from consideration in deter-
mining the original jurisdiction of the city courts, as it is in deter-
mining the appellate jurisdiction of this court—the constitutional
provisions applicable to each being identical.

But in so deciding we do not intend to change or depart from the
theory of our opinion in Bruno vs. Oviatt, with reference to revival
suits.

With reference to the two per cent. per month being of the nature

and essence of a *penalty* and *not interest*, and, consequently, to be treated as capital forming part of the matter in dispute in determin-, ing jurisdiction, we are of opinion that respondent's contention is not sound.

The language of the statute is, "that all unpaid licenses shall bear inierest at the rate of two per cent. per month from the first day of March," etc.    Sec. 26 of Act 150 of 1890.

The statute was carefully considered and construed in City vs. Fireman's Insurance Co., 41 An. 1142, and that decision was affirmed in City vs. Pontchartrain Railroad Company, 41 An. 519.

It is our decided conviction that the respondent's court is vested with original jurisdiction of the amount of exactly one hundred dollars, excluding *any* computation of interest.

Entertaining this opinion, the writ of *mandamus* will be made per- emptory.

It is therefore ordered and decreed that the writ of *mandamus* provisionally granted be made peremptory, and that the respondent be taxed with costs.